﻿Citation Nr: 19158991
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 17-26 179
DATE: July 30, 2019

REMANDED

Entitlement to service connection for a left shoulder condition is remanded.

REASONS FOR REMAND

The Veteran served on active duty from June 1965 to May 1969.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a May 2016 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia.

Entitlement to service connection for a left shoulder condition is remanded.

In a July 2016 VA examination, it was noted that the Veteran was diagnosed with left shoulder degenerative arthritis. The Veteran stated that he “d[id] not about [sic] his left shoulder or injury in service.” The Veteran said his left shoulder had been bothering him for the last couple of years and it had been getting worse. In a subsequent July 2016 VA opinion, the examiner opined that the Veteran’s left shoulder condition was less likely than not caused by service. The examiner reasoned that per service treatment record, back in July 25, 1998 [sic], the Veteran had complaints of neck pain and pain in between scapula. His diagnosis was deferred, and x-ray cervical spine recommended. He was prescribed Paraflex and referred to orthopedic clinic. The examiner said that as per the orthopedic clinic’s note, dated August 1, 1968, it was noted that examination was normal and had impression of strain and cervical collar was recommended. The examiner stated that as a professional, he believed that it was acute and self-limited condition. The Veteran had no chronic left shoulder disability and treatment in service. His separation physical that was done on May 5, 1969, was negative for left shoulder condition. However, regarding the Veteran’s neck it was noted that the neck was supple, full range of motion, no spasm and tenderness. As per history from the Veteran, he also had a lack of continuation of care after he got out from the service back in May 1969. The examiner concluded that his degenerative joint disease of the left shoulder was more likely a part of generalized degeneration duty age.

The Board finds this opinion inadequate as it does not appear to consider the full history contained in the service treatment records. The Board initially notes that there are no service treatment records from July 25, 1998, showing complaints of neck pain and pain in between scapula. The Board assumes that the examiner meant 1968 rather than 1998. That 1968 record indicates that there was no history of trauma but there was constant aching for 4 to 5 months. However, there are also additional service treatment records that were not discussed in the VA opinion. The service treatment records contain a July 5, 1968 record which notes that the Veteran reported a stiff neck for the past few months. Examination noted tenderness in the upper part of the back. The impression was muscle sprain. An X-ray report dated July 24, 1968, notes that the Veteran had aching pain in his neck for four to five months. The X-rays was interpreted as being normal. The Veteran was seen again for evaluation of neck or shoulder pain in September 1968 and October 1968. A September 3, 1968 consultation record notes complaints of symptoms in the neck and intrascapulars. The impression was strain. In October 1968 it was noted that he was having [illegible] on the shoulders at times. The separation examination dated in May 1969 notes a history of recurrent pain in the neck and between the shoulders for about one year. Examination at separation was normal. The Board finds that because the VA medical opinion does not appear to have considered all relevant service treatment records, the Board finds that another opinion is needed. 

Additionally, in a May 2017 statement, the Veteran asserted that his left shoulder condition is a direct result of an injury sustained in service. The examiner has not addressed a potential injury in service that could have caused his left shoulder condition based on the Veteran’s lay statements. 

Therefore, on remand, an addendum VA opinion, or VA examination if necessary, should be obtained to determine the etiology of the Veteran’s left shoulder condition.

The matter is REMANDED for the following actions:

1. Obtain any outstanding VA or private treatment records. Request that the Veteran assist with locating these records, if possible. Associate these records with the claims file.

2. Then, forward the claims file and a copy of this remand to the July 2016 VA examiner if available, or an appropriate substitute, to provide an addendum opinion, or a VA examination if necessary, to determine the etiology of the Veteran’s left shoulder condition. Following a review of the pertinent evidence, the examiner must determine whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s left shoulder condition was caused by service.

A clear rationale must be provided for all opinions expressed. The examiner must consider all service treatment records as summarized above. Also, the examiner must consider the Veteran’s lay statements including the May 2017 statement that he sustained an injury in service to cause his current left shoulder condition. If the examiner is unable to provide an opinion without resorting to mere speculation, then the examiner must state this and provide any information needed to make an opinion, if possible.

3. Thereafter, readjudicate the claim on appeal. If the benefit sought remains denied, issue the Veteran and his representative a supplemental statement of the case and provide a reasonable opportunity to respond before returning the matter to the Board for further appellate review.

 

MICHAEL MARTIN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Saudiee Brown, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.